[Cite as *State v. Elizondo*, 2016-Ohio-774.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DUSTIN ELIZONDO | : | Case No. 14-CA-20 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 13-CR-494


JUDGMENT:      Sentence Vacated and Remanded


DATE OF JUDGMENT:      February 29, 2016

APPEARANCES:

For Plaintiff-Appellee

JOSHUA S. HORACEK
239 West Main Street
Suite 101
Lancaster, OH  43130

For Defendant-Appellant

SARAH M. SCHREGARDUS
492 City Park Avenue
Columbus, OH  43215

*Farmer, P.J.*

{¶1}  Following a bench trial, appellant, Dustin Elizondo, was found guilty of three counts of attempted murder in violation of R.C. 2903.02 and 2923.02, three counts of felonious assault in violation of R.C. 2903.11, five counts of kidnapping in violation of R.C. 2905.01, one count of abduction in violation of R.C. 2905.02, three counts of domestic violence in violation of R.C. 2912.25, and one count of assault in violation of R.C. 2903.13. See, Entry of Verdict filed February 7, 2014.  By judgment entry of sentence filed February 19, 2014, the trial court determined the three counts of attempted murder were not allied offenses, determined the felonious assault counts, the kidnapping counts, the abduction count, and two of the domestic violence counts merged with each other and with the attempted murder counts, and merged the remaining domestic violence count and the assault count, but did not merge them with the other counts.  The state elected sentencing on the three attempted murder counts and the merged domestic violence/assault count. The trial court sentenced appellant to seven years on each of the attempted murder counts, to be served consecutively, and one hundred thirty days in jail on the domestic violence/assault count, to be served consecutively, for a total sentence of twenty-one years in prison plus one hundred thirty days in jail.

{¶2}  Appellant filed an appeal, claiming manifest weight of the evidence, and this court affirmed the trial court's decision.  *State v. Elizondo,* 5th Dist. Fairfield No. 14-CA-20, 2015-Ohio-1109.  The Supreme Court of Ohio declined jurisdiction.  *State v. Elizondo,* 143 Ohio St.3d 1499, 2015-Ohio-4468.

{¶3}  On June 15, 2015, appellant filed with this court an application to reopen his appeal, claiming ineffective assistance of counsel for his appellate counsel's failure to

assign as error the improper imposition of consecutive sentences. By judgment entry filed August 28, 2015, this court granted the application, finding a colorable claim on the issue of ineffective assistance of counsel, and reopened the appeal on the limited issue set forth in his application, to wit: "appellate counsel was ineffective for failing to cite as error the trial court's failure to make the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4) *at the sentencing hearing* and trial counsel's failure to object to the claimed error."

{¶4}    This matter is now before this court for consideration. Assignments of error are as follows:

I

"THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE REQUISITE FINDINGS TO IMPOSE CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4)."

II

"TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT TO THE IMPOSITION OF A SENTENCE THAT WAS CONTRARY TO LAW."

III

"APPELLANT WAS DEPRIVED [OF] THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN COUNSEL FAILED TO RAISE ASSIGNMENTS OF ERROR I AND II."

I

{¶5}    Appellant claims the trial court erred in failing to make the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4) *at the sentencing hearing.* We agree.

{¶6}    R.C. 2929.14(C)(4) states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7}   In *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus, the Supreme Court of Ohio held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) *at the sentencing hearing* and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."  (Emphasis added.)

{¶8}   A review of the February 14, 2014 sentencing hearing transcript indicates the trial court did not meet the requirements of R.C. 2929.14(C)(4) and *Bonnell*, and the state concedes the issue.  T. at 41-42; Appellee's Brief at 3, 5.

{¶9}   Upon review, we vacate the sentence and remand the matter to the trial court for rehearing on the issue of consecutive sentencing.

{¶10}  Assignment of Error I is granted.

II, III

{¶11}  Based upon our decision in Assignment of Error I, these assignments are moot.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.


SGF/sg 218