[Cite as *State v. Bell*, 2017-Ohio-1531.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. CT2016-0049 |
| MICHAEL A. BELL | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
                             County Court of Common Pleas, Case No.
                             CR2016-0102

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 24, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

GERALD ANDERSON II                        ERIC ALLEN
Assistant Prosecutor                      4605 Morse Road, Suite 201
27 North Fifth St.                        Gahanna, OH 43240
Zanesville, OH 43702-0189

*Gwin, P.J.*

**{¶1}** Defendant-appellant, Michael A. Bell ("Bell"), appeals from the consecutive maximum sentences imposed for Sexual Battery and Gross Sexual Imposition.

*Facts and Procedural History*

**{¶2}** Bell was indicted on or about August 19, 2015, on four counts of Gross Sexual Imposition, each a felony of the third degree, three counts of Rape, each count a felony of the first degree, and three counts of Sexual Battery, each a felony of the third degree. The victim of those offenses is Bell's daughter. That case was given case number CR2015-0246[1].

**{¶3}** Bell was subsequently indicted on or about March 9, 2016, on two counts of Gross Sexual Imposition, each count a felony of the fourth degree, and one count of Endangering Children, a felony of the second degree. The victim of those offenses was Bell's other daughter. That case was given case number CR2016-0102.

**{¶4}** Bell resolved both of these cases together in a universal plea negotiation. On July 19, 2016, Bell pled guilty to one count of Sexual Battery on the CR2015-0246 case, and one count of Gross Sexual Imposition on the CR2016-0102 case. All of the other counts were dismissed by the state. Part of the reason for such a plea negotiation was the consideration of the victims and their desire not to relive their experiences on trial. (Sentencing Transcript at 11).

**{¶5}** Bell was sentenced on both cases on August 22, 2016. Prior to imposing sentence, the trial court heard letters from the mother of the victims and the victims expressing the injury caused to them by being sexually assaulted by their father and the

---

[1] This case is separately appealed as *State v. Bell,* 5th Dist. Muskingum No. CT2016-0050.

impact on their family and on their relationships with people in general. (Sentencing Transcript at 8-11). The trial court sentenced Bell to the maximum on each count consecutively, for an aggregate prison sentence of 78 months.

*Assignments of Error*

{¶6} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES AS THE COURT FAILED TO ENGAGE IN THE REQUISITE THREE PART ANALYSIS REQUIRED TO SENTENCE A DEFENDANT TO CONSECUTIVE SENTENCES BY FAILING TO FIND THAT ANY OF THE THREE FACTORS LISTED IN R.C. 2929.14(C)(4)(a)-(e) APPLIED.

{¶7} "II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM SENTENCE FOR BOTH COUNTS."

*Law and Analysis*

{¶8} In accordance with R.C. 2953.08(A)(1), Bell is entitled to appeal as of right the maximum sentence imposed on his convictions. In accordance with R.C. 2953.08(C)(1) Bell is granted leave to appeal his consecutive prison terms because the sentence imposed exceeds the maximum term for a felony of the third degree.

{¶9} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that ***either*** *the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I),* ***or*** *the sentence is otherwise contrary to law.*

See, also, *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶10}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶11}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

### R.C. 2929.13(B).

**{¶12}** R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Bell pled guilty to Gross Sexual Imposition, a violation of R.C. 2907.05(A)(5), a felony of the fourth degree by virtue of R.C. 2907.05 (C)(1).

**{¶13}** In relevant part the statute provides,

> (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

* * *

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

{¶14} Accordingly, the trial court had discretion to impose a prison term for Gross Sexual Imposition.

### R.C. 2929.13(D).

{¶15} R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable. Bell was convicted of a violation of R.C. 2907.05(A)(2) and R.C. 2907.03(A)(5). Accordingly, R.C. 2929.13(D) does not apply to Bell's case.

### R.C. 2929.14 (B)(2)(e).

{¶16} R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Bell was not given an additional prison sentence.

### R.C. 2929.14 (C)(4) Consecutive Sentences.

{¶17} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. Bell was given a sentence of eighteen months in Case No. CR2016-0102 consecutive with the 60-month sentence imposed for his plea to one count of Sexual Battery in violation of R.C. 2907.03(A)(5), a felony of the third degree imposed in Case No. CR2015-0246.

{¶18} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this

presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C) (4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶19} R.C. 2929.14(C)(4) provides,

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶21} Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

{¶22}  Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

{¶23}  In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶24}  At sentencing the trial court found,

The Court finds that consecutive sentences are necessary to protect

the public and punish the offender.  Consecutive sentences are not

disproportionate for the seriousness of the conduct and the danger you
pose to the public.

Sentencing Transcript at 16. The findings are reflecting in the court's sentencing entries. *Judgment Entry on Sentence,* filed August 25, 2016 at 2.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**{¶25}** This provision does not apply to Bell's case.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**{¶26}** In the case at bar, the trial court found,

The Court finds that multiple offenses with which you were sentenced were -- the harm caused by those were so great and unusual that no single prison term for any of the offenses committed would adequately reflect the seriousness of your conduct.

Sentencing Transcript at 16. The findings are reflecting in the court's sentencing entries. *Judgment Entry on Sentence,* filed August 25, 2016 at 2.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶27} The Court made no findings concerning this factor in Bell's case.

{¶28} We find that the record in the case at bar clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4). Bell abused and breached the trust of his two young daughters. In the case at bar, the trial court heard victim impact letters from the two victims, heard a letter from the victims' mother, heard arguments from the state and defense counsel, heard Bell's statement, reviewed the presentence investigation report, read the other letters sent, and had a brief interaction with Bell before imposing a sentence. Each victim informed the trial court of the particular, significant harm that she suffered and continues to suffer because of Bell's actions. Bell fails to comprehend the damage he caused to his children and expressed little if any remorse for his action.

### *R.C. 2929.20.*

{¶29} R.C. 2929.20 (I) is inapplicable, as Bell was not applying to the court for judicial release.

### *R.C. 2929.11 and R.C. 2929.12 and Maximum Sentences.*

{¶30} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

**{¶31}** The *Marcum* court further noted,

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

**{¶32}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶33}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶34} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823.

{¶35} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

{¶36} Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶37} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State*

*v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶38}** In the case at bar, the trial court heard victim impact letters from the two victims, heard a letter from the victims' mother, heard arguments from the state and defense counsel, heard Bell's statement, reviewed the presentence investigation report, read the other letters sent, and had a brief interaction with Bell before imposing a sentence.

**{¶39}** In the case at bar, the record shows that the trial court considered all relevant factors, including the harm caused to the victims, that Bell's relationship to his victims facilitated the offenses and the delayed prosecution of the victimization, and that Bell still failed to realize that he victimized his daughters. (Sentencing Transcript at 9-11, 15). "You victimized your own children, and then when I say that, you look at me quizzically like it didn't happen. You victimized your children. They are victims. You're the perpetrator. You still show no remorse, and I find that astounding." Sentencing Transcript at 15.

**{¶40}** Accordingly, the trial court considered the purposes and principles of

sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶41} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Bell regarding post-release control. Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court.

{¶42} We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While Bell may disagree with the weight given to these factors by the trial judge, Bell's sentence was within the applicable statutory range for a felony of the third degree and a felony of the fourth degree and therefore, we have no basis for concluding that it is contrary to law.

{¶43} Bell's first and second assignments of error are overruled.

{¶44} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur