[Cite as *State v. Elizondo*, 2017-Ohio-4056.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16-CA-21 |
| | : | |
| DUSTIN J. ELIZONDO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Fairfield County Court
                                 of Common Pleas, Case No. 2013-CR-
                                 0494

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          May 30, 2017

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

GREGG MARX                                 SARAH M. SCHREGARDUS
FAIRFIELD CO. PROSECUTOR                   KURA, WILFORD, & SCHREGARDUS
                                           CO., L.P.A.
JOSHUA S. HORACECK                         492 City Park Ave.
239 West Main St., Suite 101               Columbus, OH 43215
Lancaster, OH 43130

*Delaney, P.J.*

{¶1} Appellant Dustin J. Elizondo appeals from the May 18, 2016 Judgment Entry of Sentence after Re-Sentencing of the Fairfield County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY[1]

{¶2} On October 18, 2013, appellant was charged by indictment with three counts of attempted murder in violation of R.C. 2903.02 and 2923.02, three counts of felonious assault in violation of R.C. 2903.11, five counts of kidnapping in violation of R.C. 2905.01, one count of abduction in violation of R.C. 2905.02, three counts of domestic violence in violation of R.C. 2912.25, and one count of assault in violation of R.C. 2903.13. These charges arose from incidents involving appellant and his live-in girlfriend over a four-hour period.

{¶3} A bench trial commenced on January 29, 2014, and the trial court found appellant guilty as charged. By judgment entry of sentence filed February 19, 2014, the trial court determined the three counts of attempted murder were not allied offenses, determined the felonious assault counts, the kidnapping counts, the abduction count, and two of the domestic violence counts merged with each other and with the attempted murder counts, and merged the remaining domestic violence count and the assault count, but did not merge them with the other counts. Appellee elected sentencing on the three

---

[1] The statement of facts and procedural history is drawn in part from our two prior decisions in this case: *State v. Elizondo*, 5th Dist. Fairfield No. 14-CA-20, 2015-Ohio-1109, appeal not allowed, 143 Ohio St.3d 1499, 2015-Ohio-4468, 39 N.E.3d 1270 [*Elizondo I*] and application to reopen granted, *State v. Elizondo*, 5th Dist. Fairfield No. 14-CA-20, 2016-Ohio-774 [*Elizondo II*].

attempted murder counts and the merged domestic violence/assault count. The trial court sentenced appellant to seven years on each of the attempted murder counts, to be served consecutively, and one hundred thirty days in jail on the domestic violence/assault count, to be served consecutively, for a total sentence of twenty-one years in prison plus one hundred thirty days in jail.

{¶4} Upon direct appeal from his convictions and sentence, appellant argued his convictions for three counts of attempted murder were against the manifest weight of the evidence. We disagreed, noting "[a] fair reading of the strangulation incidents could lead one to the conclusion that there were actually six incidents of strangulation." *State v. Elizondo*, 5th Dist. Fairfield No. 14-CA-20, 2015-Ohio-1109, appeal not allowed*, 143 Ohio St.3d 1499, 2015-Ohio-4468, 39 N.E.3d 1270 [*Elizondo I*].

{¶5} On June 15, 2015, appellant filed an application to reopen his appeal, claiming ineffective assistance of counsel in failing to assign as error the improper imposition of consecutive sentences. By judgment entry filed August 28, 2015, we granted the application and reopened the appeal on the following limited issue: "appellate counsel was ineffective for failing to cite as error the trial court's failure to make the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4) *at the sentencing hearing* and trial counsel's failure to object to the claimed error." (Emphasis in original). *State v. Elizondo*, 5th Dist. Fairfield No. 14-CA-20, 2016-Ohio-774 [*Elizondo II*].

{¶6} In *Elizondo II, w*e concluded the trial court did not meet the requirements of R.C. 2929.14(C)(4) and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659 in imposing consecutive sentences. We vacated the sentence and remanded the

matter to the trial court for rehearing on the issue of consecutive sentencing. *Elizondo II*, 2016-Ohio-774 at ¶ 9.

{¶7}  The trial court conducted a resentencing hearing on May 12, 2016 and imposed a sentence of seven years each upon counts one through three (attempted murder) and a term of 130 days upon count fifteen (domestic violence).  The sentences upon counts one through three are to be served consecutively to each other and the sentence upon count fifteen is to be served concurrently, for a total aggregate prison term of 21 years.

{¶8}  On the record at the re-sentencing hearing, the trial court noted "this was a horrible incident" and "was a use of incredible force on numerous occasions that jeopardized the health and safety of [the victim] * * *."  T. 19.  The incident occurred over a four-hour period of time and jeopardized the life of the victim.  T. 20.

{¶9}  The trial court noted further:

> * * * *.
>
> In general, the Court must formulate its decision based upon the overriding principles and purposes of felony sentencing; namely, to protect the public from future crime by you or others, and also to punish you using the minimum sanctions that the Court determines accomplished those purposes without imposing an unnecessary burden on state or local government resources.
>
> To achieve these purposes, the sentencing Court shall consider the need for incapacitating you, deterring you, and also rehabilitating you.  * * * *.

While I'm doing these things, I'm also ensuring that your sentence is not based on impermissible purposes; that your sentence is consistent with other similar offenses committed by like offenders; and finally, that your sentence is proportional to the harm caused and the impact upon the victim. All of these considerations fall under R.C. 2929.11(A), (B), and (C) of the Ohio Revised Code.

* * * *.

And so, again, my intent here is to be consistent with Judge Martin's prior intent when he was sentencing you, but also I'm doing this of my own knowledge of the case and my independent judgment. So the Court is ordering that Counts One, Two, and Three—and this is where Judge Martin failed to speak—but are consecutive sentences. Consecutive sentences are necessary to protect the public from future crime or to punish; and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose to the victim of this particular case and to the public at large.

The Court also finds that consecutive sentences are necessary because at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of your conduct.

\* \* \* \*.

The Court has also considered all mitigating factors. It's taken into consideration your most recent statements before the Court. It's also taken into consideration those documents that have been furnished to the Court.

\* \* \* \*.

So the Court has also considered all mitigating factors as well as aggravating factors. And the Court obviously finds that the aggravating factors outweigh the mitigating factors.

\* \* \* \*.

T. 21-28.

{¶10} Appellant now appeals from the Judgment Entry of Sentence after Re-Sentencing of May 18, 2016.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT ERRED BY FAILING TO FOLLOW TO THE MANDATE OF THE COURT OF APPEALS WHEN IT SENTENCED APPELLANT (*sic*)."

**ANALYSIS**

{¶13} Appellant argues the trial court's imposition of consecutive sentences is in error because the record does not reflect the type of "meaningful review and analysis"

required by the sentencing statutes. We disagree and find the trial court complied with the applicable sentencing provisions.

{¶14} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also*, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28. Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law. *State v. Bell,* 5th Dist. Muskingum No. CT2016-0049, 2017-Ohio-1531, ¶ 10.

{¶15} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.,* 161 Ohio St. at 477.

{¶16} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutorily-enumerated findings set forth in the statute. *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23.

{¶17} The statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, ¶ 15. If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that consecutive terms are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). The court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶ 36; R.C. 2929.14(C)(4).

{¶18} In *Bonnell*, supra, 140 Ohio St.3d 209 at syllabus, the Ohio Supreme Court of Ohio stated that the trial court is required to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate those findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Id.*, ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Id.,* ¶ 34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Id.,* ¶ 30.

{¶19} In the instant case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences. We find the record in the instant case at bar clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4). Although the victim did not appear at the re-sentencing and purportedly expressed her support for concurrent sentences via defense trial counsel, the trial court noted its review of the pre-sentence investigation and the record of the trial and first sentencing. The trial court noted "this was a horrible incident" and "was a use of incredible force on numerous occasions that jeopardized the

health and safety of [the victim] * * *." T. 19. The incident occurred over a four-hour period of time and jeopardized the life of the victim. T. 20.

{¶20} Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶21} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post-release control. Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court.

**CONCLUSION**

{¶22} Appellant's sole assignment of error is overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.