[Cite as *State v. Cobb*, 2018-Ohio-1490.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KESHAWN COBB | : | Case No. 17CA62 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Apeal from the Court of Common
                                     Pleas, Case No. 2017CR0154



JUDGMENT:                            Affirmed



DATE OF JUDGMENT:                    April 16, 2018



APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JOSEPH C. SNYDER                     JOHN C. O'DONNELL
38 South Park Street                 10 West Newlon Place
Mansfield, OH  44902                 Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Keshawn Cobb, appeals his June 29, 2017 conviction and sentence by the Court of Common Pleas of Richland County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 10, 2016, at approximately 4:00 a.m., police were dispatched for reported gunshots to a home.  A police officer noticed a black Audi with a lone occupant driving in the area.  The police officer followed the vehicle until it stopped in the driveway of a residence.  The driver exited the vehicle.  The police officer stopped and exited his cruiser to speak with appellant.  Another police officer arrived and looked into the vehicle appellant had just exited and observed a handgun in plain view on the floorboard of the driver's side.  This police officer got the attention of the first police officer and told him of his discovery.  The police officers went back to speak to appellant, but he was gone.

{¶ 3}   On March 14, 2017, the Richland County Grand Jury indicted appellant on one count of improperly discharging a firearm at or into a habitation or school with a firearm specification in violation of R.C. 2923.161 and 2941.145, and one count of having weapons while under disability in violation of R.C. 2923.13.  Appellant had a juvenile adjudication which precluded his ability to possess a firearm.

{¶ 4}   A jury trial commenced on June 26, 2017.  The jury found appellant guilty of the disability count and not guilty of the discharging count with the attendant firearm specification.  By sentencing entry filed June 29, 2017, the trial court sentenced appellant to thirty-six months in prison.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO REQUEST INSTRUCTION FROM ORC §2925.01 (K) AND PLAIN ERROR OF THE COURT TO NOT GIVE SAID INSTRUCTION IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

II

{¶ 7} "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."

I

{¶ 8} In his first assignment of error, appellant claims his trial counsel was ineffective for failing to request a specific jury instruction on "possession" and the trial court committed plain error in not giving the instruction. We disagree.

{¶ 9} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 10} In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long* at paragraph three of the syllabus.

{¶ 11} Appellant complains that the trial court erred in instructing the jury on "possession" as follows (T. at 479-480):

Possession is a voluntary act, if the possessor knowingly procured or received the firearm or was aware of his control thereof, for a sufficient period of time to have ended his possession.

A person has possession when he knows that he has the object on or about his person or places it where it is accessible to his use or direction and he has the ability to direct or control its uses. Ownership is not necessary for possession. A person may possess or control property that belongs to another.

{¶ 12} Instead, appellant argues the trial court should have instructed the jury pursuant to R.C. 2925.01(K), the definition of "possession" under "drug offenses": " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

{¶ 13} Appellant argues the latter instruction on "possession" was the more appropriate instruction because the firearm was discovered in a vehicle not registered to him, and was found in the vehicle, not on his person. Appellant's Brief at 5. The argued for instruction pertains to drug offenses under R.C. Chapter 2925. Having weapons while under disability falls under R.C. Chapter 2923, weapons control. The trial court's instruction properly followed the definition under the general provisions for criminal liability, R.C. 2901.21(F)(1), and the instructions contained in the Ohio Jury Instructions, CR Section 417.21(1)-(5) (2018).

{¶ 14} Furthermore, R.C. 2925.01(K) defines "possession" as "having control over a thing." The firearm in question was discovered in the vehicle appellant had been driving, in plain view on the floorboard of the driver's side. T. at 188-189, 241-242, 249-250. Appellant was the lone occupant of the vehicle. T. at 226. DNA testing was done on the firearm and appellant could not be excluded as the donor of the major DNA found on the magazine of the firearm. T. at 439, 450, 451. Appellant has not shown that even if the jury had been instructed as argued, the outcome of the trial would have been different.

{¶ 15} Upon review, we do not find any ineffective assistance of counsel or plain error regarding the complained of jury instruction.

{¶ 16} Assignment of Error I is denied.

II

{¶ 17} In his second assignment of error, appellant claims the trial court erred in sentencing him to the maximum sentence for a third degree felony.  We disagree.

{¶ 18} R.C. 2953.08 governs appeals based on felony sentencing guidelines. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.  Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 19} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 20} " 'An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.' " *State v. Garrison,* 5th Dist. Muskingum No. CT2017-0018, 2018-Ohio-463, ¶ 47, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 21} As noted by this court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

{¶ 22} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 11.

{¶ 23} The trial court sentenced appellant to thirty-six months on a felony of the third degree. Felonies of the third degree are punishable by "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b). Clearly the sentence is within the statutory range.

{¶ 24} R.C. 2929.11 governs the overriding purposes of felony sentencing. Subsection (A) states the following:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 25} R.C. 2929.12 sets forth the seriousness and recidivism factors for a trial court to consider in determining the most effective way to comply with the purposes and principles of sentencing pursuant to R.C. 2929.11. The statute provides a long list of factors, including any other relevant factors, a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 26} In considering these factors, "[t]he trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Wilson,* 5th Dist. Richland No. 17CA31, 2018-Ohio-396, ¶ 61; *State v. Bell,* 5th Dist. Muskingum No. CT2016-0050, 2017-Ohio-2621, ¶ 40.

{¶ 27} During the sentencing hearing, appellee recommended the maximum prison sentence as "there is no other prison term that could adequately punish the defendant for his conduct in this case or ensure the safety to the public." T. at 520. The trial court heard appellant was currently serving a prison term for "improperly having a firearm, pled down from having weapons under disability, also a drug offense." *Id.* That offense occurred after the subject offense. T. at 521. Appellee informed the trial court that "[t]here is a pattern to where the defendant is engaged in having drugs illegally and then also possessing firearms that he is not supposed to possess." T. at 520. The trial court sentenced appellant as follows (T. at 523):

In this case, the sentence will be 36 months. It will be consecutive to the time he is already doing. It is necessary because it protects the public, punishes the offender. It is not disproportionate to the defendant's conduct or the danger posed to the public.

In his criminal history that we have demonstrated here indicates that we are having a lot of issues with guns and drugs and so that's - - that's a problem. So I think that demonstrates that it is necessary to protect the public from future crime.

Because he is a young man and we have already had now these two felony cases already, which have had, you know, serious charges, so that's the reason for the consecutive sentences.

{¶ 28} In the sentencing entry, the trial court noted it considered the statements made by appellant and defense counsel, as well as "the presentence investigation, any victim impact statement, the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12." Postrelease control was properly included in the judgment entry.

{¶ 29} Upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The sentence is within the statutory range for a felony of the third degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors and properly imposed postrelease control.

{¶ 30} Assignment of Error II is denied.

{¶ 31} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By: Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db