[Cite as *State v. Wickham*, 2019-Ohio-4850.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOHN E. WICKHAM, JR. | : | Case No. 19-COA-013 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 18-CRI-119


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        November 26, 2019


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

VICTOR R. PEREZ        BRIAN A. SMITH
110 Cottage Street        755 White Pond Drive
Ashland, OH  44805        Suite 403
        Akron, OH  44320

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, John E. Wickham, Jr., appeals his April 9, 2019 sentence by the Court of Common Pleas of Ashland County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 13, 2018, the Ashland County Grand Jury indicted appellant on one count of aggravated arson in violation of R.C. 2909.02, one count of arson in violation of R.C. 2909.03, one count of breaking and entering in violation of R.C. 2911.13, and one count of petty theft in violation of R.C. 2913.02.

{¶ 3} On March 1, 2019, appellant pled guilty to the aggravated arson count. The remaining counts were dismissed. By judgment entry filed April 9, 2019, the trial court sentenced appellant to six years in prison and ordered him to pay over $9,000 in restitution.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT'S SENTENCE OF APPELLANT WAS NOT SUPPORTED BY THE RECORD."

I

{¶ 6} In his sole assignment of error, appellant claims his sentence was not supported by the record. We disagree.

{¶ 7} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231,

¶ 22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. R.C. 2953.08(G)(2) states we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 8}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 9}   " 'An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range.' " *State v. Garrison,* 5th Dist. Muskingum No. CT2017-0018, 2018-Ohio-463, ¶ 47, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06–100, 2016-Ohio-2890, ¶ 8.

{¶ 10} There is no dispute that the six year sentence is within the statutory range for a felony in the first degree. R.C. 2929.14(A)(1). Appellant argues the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 11} R.C. 2929.11 governs the overriding purposes of felony sentencing. Subsection (A) states the following:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 12} R.C. 2929.12 sets forth the seriousness and recidivism factors for a trial court to consider in determining the most effective way to comply with the purposes and principles of sentencing pursuant to R.C. 2929.11. The statute provides a long list of factors, including any other relevant factors, a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. Pertinent to this case are the following two factors:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶ 13} In considering the R.C. 2929.11 and 2929.12 factors, "[t]he trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Wilson,* 5th Dist. Richland No. 17CA31, 2018-Ohio-396, ¶ 61; *State v. Bell,* 5th Dist. Muskingum No. CT2016-0050, 2017-Ohio-2621, ¶ 40.

{¶ 14} As this court stated in *State v. Moyer,* 5th Dist. Licking No. 18 CA 0065, 2019-Ohio-0065, 2019-Ohio-1187, ¶ 26:

There is no requirement in R.C. § 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. § 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992); *State v. Hughes*, 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶ 10 (trial court was not required to address each R.C. § 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶ 19 ("... R.C.

2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors").  (Citations omitted.)

{¶ 15} Appellant claims he met three factors under R.C. 2929.12 making recidivism less likely: 1) he was not on probation, parole, or post-release control at the time of the offense; 2) he did not have any prior felony convictions; and 3) he showed genuine remorse for his actions.

{¶ 16} On March 1, 2019, appellant pled guilty to one count of aggravated arson. During the April 8, 2019 sentencing hearing, the trial court heard how appellant set fire to his girlfriend's parents' house with occupants inside including an eight year old child.  T. at 6.  As a result of the fire, the child is angry, terrified, has nightmares, and is undergoing counseling.  T. at 8, 12-13.  The trial court also heard how appellant verbally and physically abused his girlfriend and threatened her on several occasions.  T. at 9-10. Defense counsel indicated appellant did not have a felony record, but "has had some scrapes with the law in terms of misdemeanors and mostly low level drug situations."  T. at 4.

{¶ 17} In reviewing the presentence investigation report, the trial court noted appellant's risk assessment score was in the moderate range.  T. at 15-16.  The trial court then stated the following (T. at 16):

> And he has no prior felony history, and I understand the nature of those offenses are very serious, and I heard the description about the

physical abuse as well as the threats which make me believe that this individual would be capable of coming back and trying to follow through, and his intentions when setting the fires was to cause physical harm to the individuals, if not psychological harm * * *.

* * *

Nonetheless, again, I am finding that it's serious enough that it should be more than a minimum sentence and on the higher side of things.

{¶ 18} In its judgment entry filed April 9, 2019, the trial court indicated it reviewed the presentence investigation report, and noted it considered "the purposes of felony sentencing as set forth in Ohio Revised Code Section 2929.11," and "fully considered the provisions of O.R.C. Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation and the information furnished by the parties to this case." The trial court stated the following:

Based upon consideration of the purposes and principles of the felony sentencing law, the statutory sentencing factors, and after weighing the above findings, this Court finds that the Defendant is NOT amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of the felony sentencing law of Ohio and that community control is not required.

{¶ 19} Upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The sentence is within the statutory range for a felony of the first degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors.

{¶ 20} The sole assignment of error is denied.

{¶ 21} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/db