OPINION
{¶ 1} Appellant appeals his conviction for one count of Domestic Violence
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On April 11, 2002, at approximately 1:30 a.m., Appellant and his wife, Tonya Perry were involved in a domestic dispute in a parking lot.
 {¶ 4} At some point during said argument, three women and a man named "Jarvis" got in involved in the argument. One of the women sprayed bleach into Appellant's face. Next, Appellant's wife became involved in the fight in an attempt to break it up.
 {¶ 5} The man named Jarvis and his girlfriend, Janetta, were hitting and kicking Appellant who was lying on the ground. At some point during this physical altercation, Appellant punched one of the women. That woman appears to have been his wife, Tonya Perry.
 {¶ 6} When the police arrived, Jarvis and Janetta were on top of Appellant. Appellant's wife left the scene before the police arrived.
 {¶ 7} Appellant was charged with one count of Felony Domestic Violence, in violation of R.C. § 2925.07.
 {¶ 8} On September 19, 2002, a jury trial commenced in this matter.
 {¶ 9} Two police officers and one eye witness testified on behalf of the State of Ohio.
 {¶ 10} The defense presented three eyewitnesses, one of which was Appellant's wife Tonya Perry.
 {¶ 11} At the end of the State's case, Appellant requested a jury instruction on self-defense.
 {¶ 12} The trial court denied Appellant's request.
 {¶ 13} The jury returned a verdict of guilty.
 {¶ 14} It is from this judgment that Appellant now appeals, assigning the following error for review:
ASSIGNMENT OF ERROR
 {¶ 15} "I. The Trial Court Erred To The Prejudice Of Defendant/appellant By Refusing To Instruct The Jury On Self-Defense."
 I. {¶ 16} In his sole assignment of error, Appellant argues that the trial court erred in failing to give a jury instruction on self-defense. We disagree.
 {¶ 17} On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). In addition, the failure to submit proposed instructions in the manner articulated by Crim.R. 30(A) constitutes a waiver of an issue challenging the court's failure to give an instruction. State v. Cook (1992),65 Ohio St.3d 516, 526. "Absent plain error, an appellate court will not consider errors that the defendant failed to object to at the trial level." State v. Thompson (1998), 127 Ohio App.3d 511, 522, appeal not allowed (1998), 83 Ohio St.3d 1451. A defective jury instruction will not rise to the level of plain error unless the defendant can show that the outcome of the trial would clearly have been different but for the alleged error. Id. at 522-523. This Court will not review a single, allegedly defective jury instruction in isolation but within the context of the entire charge. Id. at 523.
 {¶ 18} Appellant, at the conclusion of his case, orally requested an instruction on self-defense:
 {¶ 19} "Ms. Mayer: I just wanted to request a clarification, a special jury instruction regarding self-defense.
 {¶ 20} "The Court: If he hit her, according to his testimony he didn't knowingly hit her, so he doesn't even need to show that he was threatening her. If he hit her without knowing who he hit the defense is not knowingly.
 {¶ 21} "Mr. Schoren: Whether he acted knowingly or not.
 {¶ 22} "The Court: He says he's defending himself against others.
 {¶ 23} "Ms. Mayer: Okay. Thank you." (T. at 224-225.)
 {¶ 24} Appellant did not request the self-defense instruction at the end of the judge's instruction or in writing, submitted at the conclusion of the evidence or at such earlier time as allowed by the court. Crim.R. 30(A).
 {¶ 25} In order to establish the affirmative defense of self-defense, the Appellant generally has to show three elements: (1) the defendant was not at fault in creating the violent situation; (2) the defendant has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape was the use of force; and (3) the defendant did not violate any duty to retreat. Statev. Robbins (1979), 58 Ohio St.2d 74.
 {¶ 26} In the instant case, Appellant admitted that he pursued his wife and that he became involved in an argument with her. (T. at 207-208). He further testified that he never hit his wife. (T. at 210).
 {¶ 27} It would make no sense for the court to give an instruction that Appellant actions, i.e. assaulting his wife, were in self-defense, in light of his testimony that he never hit her.
 {¶ 28} In addition, Appellant has not shown that the outcome of the trial clearly would have been different if the judge had instructed the jury on self-defense.
 {¶ 29} We cannot find merit with the contention that failure of the trial court to instruct the jury regarding self-defense constitutedplain error.
 {¶ 30} Appellant's sole assignment of error is overruled.
 {¶ 31} The judgment of the Richland County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J., concurs separately, Farmer, J. concurs