[Cite as *State v. Howell*, 2016-Ohio-7749.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 15 CAA 12 0098 |
| PATRICK HOWELL | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  15 CRI 050227


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          November 14, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CAROL HAMILTON O'BRIEN                    APRIL F. CAMPBELL
PROSECUTING ATTORNEY                      CAMPBELL LAW LLC
DOUGLAS N. DUMOLT                         545 Metro Place South
ASSISTANT PROSECUTOR                      Suite 100
140 North Sandusky Street, 3rd Floor      Dublin, Ohio  43017
Delaware, Ohio  43015

*Wise, J.*

{¶1} Appellant Patrick Howell appeals his felony rape convictions in the Court of Common Pleas, Delaware County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On May 22, 2015, the Delaware County Grand Jury indicted Appellant Howell on five counts of rape, R.C. 2907.02(A)(1)(b), all first-degree felonies. The victim was appellant's minor daughter, D.H.

{¶3} During discovery, the State disclosed it intended to use DNA evidence at trial that would scientifically identify D.H. as being the source of DNA on a sex toy found in the master bedroom.

{¶4} Accordingly, at a pre-trial hearing conducted on July 6, 2015, appellant's trial counsel orally moved for a State-funded DNA expert to assist him in preparing for appellant's defense. At that time, the assistant prosecutor asked "if we could have, once [appellant's written] motion has been filed, a few days to look at it and see if an opposition is appropriate or not, that would be the request of the State." Tr., 7/6/15 Pretrial, at 4. The trial court thereupon scheduled a second pre-trial hearing for August 7, 2015.

{¶5} In the meantime, appellant filed his formal motion for an expert witness to evaluate the DNA evidence the State intended to use at trial, and the State filed a response in opposition. Appellant filed a supplemental motion on August 14, 2015. The trial court thereafter denied appellant an expert witness to evaluate the DNA evidence the State intended to use at trial.

{¶6} The matter proceeded to a jury trial commencing on November 10, 2015. Among other witnesses, the State called a children services caseworker to the stand to

testify as to her investigation of the sexual abuse allegations. A detective who collected material from inside appellant's home also testified. The State's two DNA forensic scientists likewise testified. The child victim, D.H., and her mother each took the stand as well. During the defense phase, appellant testified on his own behalf.

{¶7} Appellant was ultimately found guilty on each rape count. He was sentenced to consecutive sentences of twenty-five years-to-life on counts one and two. He was sentenced concurrently on the remaining counts.

{¶8} On December 21, 2015, appellant filed a notice of appeal. He herein raises the following five Assignments of Error:

{¶9} "I. A PROSECUTOR HAS NO RIGHT TO CHALLENGE AN INDIGENT DEFENDANT'S MOTION FOR STATE FUNDING OF AN EXPERT WITNESS BECAUSE AN INDIGENT DEFENDANT IS ENTITLED TO AN EX-PARTE HEARING, WITHOUT WHICH HIS RIGHT AGAINST SELF-INCRIMINATION IS ENCROACHED UPON, AS IS HIS RIGHT TO EQUAL PROTECTION.

{¶10} "II. THE TRIAL COURT VIOLATED HOWELL'S DUE PROCESS RIGHT WHEN IT DENIED HIM FUNDING FOR A DNA EXPERT TO ASSIST IN HOWELL'S DEFENSE.

{¶11} "III. APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE APPELLANT'S TRIAL COUNSEL WAS DEFICIENT AT TRIAL, WITH RESULTING PREJUDICE.

{¶12} "IV. IT IS PROSECUTORIAL MISCONDUCT WHEN A PROSECUTOR PLACES HIS OWN CREDIBILITY AT ISSUE, AND VOUCHES FOR A WITNESS'S CREDIBILITY. IT IS PREJUDICIAL ERROR WHERE, AS HERE, THAT WITNESS WAS

THE ONLY WITNESS TO THE EVENTS FOR WHICH DEFENDANT WAS CONVICTED; THE REMARKS WERE MADE IN REBUTTAL; AND WERE MADE WITHOUT A CURATIVE INSTRUCTION.

{¶13} "V. BECAUSE OF CUMULATIVE ERROR, HOWELL WAS DENIED HIS RIGHT TO A FAIR TRIAL BY THE PROSECUTOR'S INTERVENTION ON HOWELL'S MOTION FOR EXPERT FUNDING; THE TRIAL COURT'S DENIAL OF THAT MOTION; DEFENSE COUNSEL'S INEFFECTIVE ASSISTANCE AT TRIAL; AND THE PROSECUTOR'S IMPROPER VOUCHING IN CLOSING."

I.

{¶14} In his First Assignment of Error, appellant argues the trial court erred in permitting the State to challenge his motion for an appointed expert witness. We disagree.

{¶15} In *Ake v. Oklahoma* (1985), 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53, the United States Supreme Court held that an indigent defendant charged with a capital offense has a due process right to a state-provided psychiatrist when he makes an *ex parte* showing that his sanity will be a significant factor in his defense. The Ohio Supreme Court subsequently recognized that even though *Ake* involved the provision of expert psychiatric assistance, "the case now is generally recognized to support the proposition that due process may require that a criminal defendant be provided other types of expert assistance when necessary to present an adequate defense." *State v. Mason,* 82 Ohio St.3d 144, 149, 694 N.E.2d 932, 1998–Ohio–370.

{¶16} Nonetheless, *Ake* does not require that all such motions be considered on an *ex parte* basis. "An *ex parte* hearing may be required when such protection is necessary to protect defense counsel's strategy, but it is not required in every case." *State*

*v. Brown*, 5th Dist. Richland No. 2011–CA–0021, 2011-Ohio-6782, ¶ 39, citing *State v. Peeples* (1994), 94 Ohio App.3d 34, 640 N.E.2d 208. This Court has set forth a significant burden for a defendant advancing the present issue to demonstrate on appeal: He must show that had he been given an *ex parte* hearing for the purpose of protecting defense counsel's strategy, (1) his request for the appropriation of fees would have been granted, (2) the expert would have testified, and (3) there would have been an acquittal. *See Brown*, *supra*.

**{¶17}** In the case *sub judice*, as an initial matter, we note the record does not clearly confirm that appellant actually requested an *ex parte* hearing. Appellant's "Supplemental Motion for Appropriation of Funds for Consulting Technical Expert" filed August 14, 2015 (*after* the pre-trial hearings of July 6, 2015 and August 7, 2015), indeed indicates that defense counsel had supplied certain information to the trial court for an *in camera* inspection, but this appears to chiefly pertain to the question of fees charged by a proposed independent lab. Nonetheless, as indicated in our recitation of facts, we reiterate that the State utilized forensic testing to scientifically identify D.H. as being the source of DNA on a sex toy found in the master bedroom (Tr. at 373), thus creating for the jury the potential inference that appellant was involved in sexual perpetration on the child. Appellant's trial counsel's generalized assertions to the trial court that he would be unable to challenge the State's submitted DNA findings without the assistance of an independent expert analyst falls far short of explaining what manner of successful defense strategy would need the protection of an *ex parte* hearing.

**{¶18}** Accordingly, we find no error or abuse of discretion under the circumstances in the trial court's failure to hold an *ex parte* hearing on the issue of an appointed DNA

defense expert and in the allowance of the prosecutor to respond to such request via a memorandum contra.

{¶19} Appellant's First Assignment of Error is therefore overruled.

II.

{¶20} In his Second Assignment of Error, appellant argues the trial court erred in denying his motion for an appointed expert DNA witness. We disagree.

{¶21} As a matter of due process, indigent defendants are entitled to receive the "raw materials" and the "basic tools of an adequate defense." *Ake*, *supra*, at 77, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). However, the decision to grant funds for expert assistance to indigent defendants is left to the sound discretion of the trial court. *State v. Bays,* 5th Dist. Ashland No. 13–COA–005, 2013–Ohio–4177, ¶ 16, citing *State v. Mason, supra*, at 150. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶22} An indigent criminal defendant seeking funds to obtain expert assistance at State expense requires a "particularized showing" (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial. *See Mason* at 149, 694 N.E.2d 932. This Court has similarly recognized  that "[i]n the absence of a particularized showing of need, due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution does not require the provision of an expert witness." *State v. Babcock,* 5th Dist. Stark No. 2011CA00286, 2012–Ohio–3627, ¶ 30, citing *In re B.L.,* 5th Dist. Licking No. 09–CA–54, 2009–Ohio–

6341, ¶ 41. Furthermore, "undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate." *In the Matter of Kristopher F.,* 5th Dist. Stark No. 2006CA00312, 2007–Ohio–3259, ¶ 48, quoting *State v. Wright*, 7th Dist. Columbiana No. 97 CO 35, 2001-Ohio-3423.

**{¶23}** Because public funds are a finite resource, they are properly reserved for defendants who can show a "particularized need" for them. *See Babcock*, *supra.* Attorneys are routinely expected to familiarize themselves with complex issues as they are presented or as they develop in a case. As the State notes in response, we have now reached the point of familiarity with certain scientific advances to at least recognize that there is nothing novel about the use of DNA evidence in criminal cases. Indeed, "[t]here are ample materials available [regarding DNA analysis] by which resourceful counsel can educate himself [or herself] sufficiently to formulate an effective cross-examination." *See State v. Alltop,* 12th Dist. Fayette No. CA2013–06–018, 2014-Ohio-1695, ¶ 16.

**{¶24}** In the *case sub judice*, appellant's trial counsel forthrightly represented to the court that he was an attorney, not a scientist, and urged that he needed the assistance of an expert witness to review the BCI report prepared by the DNA analyst, as well as its underlying documentation, for purposes of effectively confronting said pertinent prosecution witnesses. *See* Tr., August 7, 2015, at 7-9. However, upon review, we are unable to conclude the trial court abused its discretion in failing to afford appellant an expert witness at the State's expense under the facts and circumstances presented.

**{¶25}** Appellant's Second Assignment of Error is therefore overruled.

IV.

**{¶26}** In his Fourth Assignment of Error, which we will address out of sequence, appellant argues the State engaged in prosecutorial misconduct during closing arguments. We disagree.

**{¶27}** Ohio courts have recognized that it is improper for an attorney to engage in vouching during a trial via expressing his or her personal opinion as to the credibility of a witness. *See, e.g.*, *State v. Williams* (1997), 79 Ohio St.3d 1, 12, 679 N.E.2d 646. However, a conviction will be reversed for prosecutorial misconduct only where it is clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would not have found the defendant guilty. *State v. Benge,* 75 Ohio St.3d 136, 141, 661 N.E.2d 1019, 1996–Ohio–227. Furthermore, isolated comments by a prosecutor are not to be taken out of context and given their "most damaging meaning." *See Donnelly v. DeChristoforo* (1974), 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431. Generally, a prosecutor's conduct at trial is not grounds for reversal unless that conduct deprives the defendant of a fair trial. *State v. Loza* (1994), 71 Ohio St.3d 61, 78, 641 N.E.2d 1082.

**{¶28}** Appellant asserts that the assistant prosecutor told the jury, during closing remarks, that with his ten years of experience in the courts, he "believed what [D.H.] said." However, the transcript reveals the full statement of the assistant prosecutor was as follows:

"The judge will tell you that the testimony of one witness if believed

is sufficient to convict someone beyond a reasonable doubt. And I've been

doing this for about ten years now and talk [sic] with jurors afterwards and

[sic] said I believe what she said but [sic]. If you believe what she said, then

you have a duty to vote guilty on each and every count because her testimony alone, her words gave you every element of every offense charged. The testimony of one witness if believed. So that's the question here, do you believe her? If you do, your duty's clear.

**{¶29}** Tr. at 612.

**{¶30}** The exact meaning of the aforesaid closing argument portion is somewhat clouded by either syntax or scrivener's errors. However, as there has been no apparent utilization of App.R. 9(E) in this matter for purposes of correction of the record, our assessment of the above passage, in its context, is that rather than vouching for the witness, the assistant prosecutor was trying to properly emphasize that the jurors themselves would have to determine the credibility of the witnesses. In other words, we find the "I believe" phrasing was most likely in reference to what other jurors had told the assistant prosecutor after the conclusion of previous cases about their efforts to weigh the evidence.

**{¶31}** Therefore, upon review, we reject appellant's proposition that the assistant prosecutor was vouching for the victim's credibility during closing arguments. Furthermore, because defense counsel did not object to the alleged prosecutorial misconduct, appellant has forfeited all but plain error. *See State v. Kuhar*, 9th Dist. Medina No. 15A0053–M, 2016-Ohio-5280, ¶ 20, citing *State v. Reed,* 9th Dist. Wayne No. 12CA0051, 2013–Ohio–3970, ¶ 57.

**{¶32}** Accordingly, we find no reversible error on the basis of prosecutorial misconduct.

**{¶33}** Appellant's Fourth Assignment of Error is therefore overruled.

III.

**{¶34}** In his Third Assignment of Error, appellant contends he was deprived of the effective assistance of counsel at his trial. We disagree.

**{¶35}** The test for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See, also State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; *i.e.*, whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

*Failure to object to State's introduction of alleged hearsay statements regarding D.H.*

**{¶36}** Ineffective assistance may result where a defendant was prejudiced by defense counsel's failure to object to improper questioning by the State during a trial. *See State v. Buchanan*, 12th Dist. Brown No. CA2008-04-001, 2009-Ohio-6042, ¶ 61. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Where evidentiary issues are preserved for appeal, our standard task is to look at the totality of the circumstances in the case, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. *State v. Oman,* 5th Dist. Stark No. 1999CA00027, 2000 WL 222190.

**{¶37}** In the case *sub judice*, appellant directs us to witness Michelle Leighty, a children services caseworker who testified in detail regarding her conversation with D.H. *See* Tr. 169-205. Specifically, appellant first notes Leighty's testimony about D.H.'s repeated references to being "stressed" at home. For example, Leighty recalled: "[D.H.] probably brought that up about five minutes into the interview that it was stress. She was stressed at home and I could see when she talked about stress, then her body language did kind of [sic], she would look down, pick at her nails and not make a lot of eye contact with me." Tr. at 188. However, we cannot find it was unreasonable for defense counsel to refrain from objecting at this point, in light of the hearsay exception under Evid.R. 803(3) for statements of a declarant's then existing state of mind, emotion, sensation, or physical condition *See, e.g., State v. Griffin*, 1st Dist. Hamilton C–020084, 2003-Ohio-3196, ¶ 27 (applying said exception where a victim had made statements that reflected her then-existing state of mind of being fearful of the defendant).

**{¶38}** Appellant secondly directs us to Leighty's further testimony about her discussions with D.H., who, while at first hesitant to talk about "body parts," eventually, with the assistance of anatomical drawings, did "identif[y] the parts and the abuse during the interview." *See* Tr. at 193-195. However, we find no demonstration of prejudice in defense counsel's failure to object in this regard, as the trial court ultimately gave a curative instruction on the topic of hearsay (*see* Tr. at 190) and D.H later testified herself. *See State v. F.R.*, 10th Dist. Franklin No. 14AP–440, 34 N.E.3d 498, 2015-Ohio-1914, ¶ 37 (recognizing that the admission of hearsay is harmless error where the declarant was also a witness and examined regarding matters identical to those contained in the hearsay statements.)

*Failure to object to, and defense introduction of, alleged "other acts" evidence*

{¶39} Appellant next directs us to some of the testimony of D.H.'s mother, Rhoda Howell, who described sexually-oriented text messages appellant sent to Rhoda at work, including regular messages wherein he "would say he was horny." *See* Tr. at 227. Appellant urges that his trial counsel was ineffective for failing to object to such references as improper "other acts" evidence, citing Evid.R. 403(A), 404(B) and 608(B). It is well-established that competent counsel may reasonably hesitate to object to potential errors in the jury's presence because objections may be considered bothersome by the jury and may tend to interrupt the flow of a trial. *See State v. Rogers,* 9th Dist. Summit No. 19176, 1999 WL 239100, citing *State v. Campbell* (1994), 69 Ohio St.3d 38, 53, 630 N.E.2d 339 (internal quotations omitted). We find in this instance that defense counsel could reasonably have determined that appellant's messages about his sexual tension while his wife was a work were generalized comments which did not warrant additional interruption of the flow of the trial.

{¶40} Appellant further argues that his trial counsel "sealed [appellant's] fate as having a propensity for sexual deviance" by unsuccessfully trying to confirm via cross-examination of Detective McQuigg that additional investigation regarding D.H.'s sister found nothing amiss, only to have the detective answer: "There was an incident that was described that needed to be followed up on, yes." *See* Tr. at 293. We note defense counsel at that point simply moved on to other subjects, and chose not to draw more attention to the detective's answer. Assuming *arguendo* that defense counsel's performance was deficient on this sole question, we are unpersuaded that appellant was thereby prejudiced in light of the additional evidence in the trial record.

*Failure to object to references to appellant being in jail during trial*

**{¶41}** Appellant next contends that defense counsel should have objected to references made by caseworker Leighty and Detective McQuigg concerning appellant's presence in jail during some of their interviews. *See* Tr. at 205, 280-281. We note the Ohio Supreme Court has patently recognized that "[e]vidence about a defendant's arrest and ensuing custody does not contravene the presumption of innocence." *State v. Williams*, 99 Ohio St.3d 439, 793 N.E.2d 446, 2003-Ohio-4164, ¶ 75. Upon review, we find no demonstration of prejudice in defense counsel's decision not to object in this regard. *Bradley*, *supra*.

*Failure to seek exclusion of certain exhibits via a motion in limine*

**{¶42}** Appellant also contends his trial counsel was deficient for failing to seek exclusion of "several pictures, and the sexual objects [presented] as exhibits repeatedly to the jury." Appellant's Brief at 17. This appears to be in reference to photographs of pornographic material, the aforementioned sex toy and lubricant found in the master bedroom, and a "penis pump" device. Appellant appears to concede that these items were relevant evidence, but he maintains that they were inflammatory to the jurors. However, the record clearly indicates that D.H. subsequently testified how these items were related to the sexual abuse she encountered in the home. As such, we do not find that the cited exhibits were so inflammatory in nature that defense counsel's decision not to object or pursue a motion *in limine* affected the outcome of the trial.

*Failure to rebut, via video-recorded interview,*
*detective's characterization of appellant's custodial denial*

**{¶43}** Appellant next contends that defense counsel should have sought to introduce the actual video of appellant's interview with detectives, as a means of countering McQuigg's recollection that appellant's denial of the charges was periodically "passive" and unemotional  during the conversation. *See* Tr. at 280-281, 290-293. However, "[t]he law is well settled that only those issues occurring on the record can be evaluated in a direct appeal." *State v. Rodvold*, 6th Dist. Huron No. H–10–012, 2012-Ohio-619, ¶ 41. It would be improperly speculative for this Court to attempt to gauge the import of a recorded police interview when the video was not introduced at trial and is thus *dehors* the present appellate record.

*Failure to object to alleged prosecutorial misconduct in State's rebuttal argument*

**{¶44}** Based on our previous rejection of appellant's general assertion of prosecutorial misconduct on the basis of alleged "vouching" of a witness by the assistant prosecutor during closing, we find no ineffective assistance of trial counsel on this point.

**{¶45}** Appellant's Third Assignment of Error is therefore overruled.

V.

**{¶46}** In his Fifth Assignment of Error, appellant contends he was deprived of a fair trial based on the existence of cumulative error. We disagree.

**{¶47}** The doctrine of cumulative error provides that a conviction will be reversed where the cumulative effect of evidentiary errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not singularly constitute cause for reversal. *State v. DeMarco* (1987), 31 Ohio St.3d 191, 509 N.E.2d 1256, paragraph two of the syllabus.

**{¶48}** In support of his "cumulative error" argument, appellant essentially revisits a number of the claims asserted in his previous assigned errors.

**{¶49}** Notwithstanding this Court's past reluctance to embrace cumulative error as grounds for reversal (*see State v. Mascarella,* 5th Tuscarawas No. 94 AP 100075, 1995 WL 495390 (July 6, 1995)), we have reviewed the pertinent parts of the record in this matter, and we do not find reversible error has been demonstrated on this basis as urged by appellant.

**{¶50}** Appellant's Fifth Assignment of Error is therefore overruled.

**{¶51}** For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 1027