[Cite as *State v. Garrison*, 2018-Ohio-463.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2017-0018 |
| STEPHEN M. GARRISON | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2016-0373 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 2, 2018 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| D. MICHAEL HADDOX<br>Prosecuting Attorney<br>Muskingum County, Ohio | TONY A. CLYMER<br>1420 Matthias Drive<br>Columbus, Ohio 43224 |
| By: GERALD V. ANDERSON II<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth St., P.O. Box 189<br>Zanesville, Ohio 43702-0189 | |

*Hoffman, J.*

{¶1} Appellant Stephen M. Garrison appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of domestic violence (R.C. 2919.25(A)) and sentencing him to thirty-six months incarceration. Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 8, 2016, Appellant and his girlfriend of twelve years, N.D., were watching The Walking Dead on television at their neighbor's apartment. N.D. walked back to the apartment she shared with Appellant and their two children to get something to drink. Her friend Miranda Hardy came to the apartment and showed N.D. a conversation on her phone between Hardy and Appellant in which they were sexting.

{¶3} N.D. confronted Appellant about the phone messages. Appellant denied it, became upset, and spit in N.D.'s face. He grabbed the phone from N.D. and grabbed her left arm, leaving a bruise. He shoved her against a wall and scratched her, and also threw tea on her shirt. After Appellant spit in her face, N.D. grabbed Appellant's genitalia and punched him.

{¶4} Hardy witnessed Appellant grabbing N.D.'s arm and pushing her down the hallway. N.D. asked Hardy to call 911.

{¶5} Deputy Brandon Hamilton responded to the 911 call. When he arrived on the scene, N.D. was frantic and pacing. He noticed bruising on the inside of N.D.'s arm. He took photographs of her arm, a scratch on her stomach, and the tea on her shirt.

**{¶6}** Appellant was indicted by the Muskingum County Grand Jury with one count of domestic violence with two prior offenses, a felony of the third degree. The case proceeded to jury trial.

**{¶7}** Appellant testified at trial did not hit, push, or attack N.D. He denied spitting in her face, claiming due to a partial plate, he cannot spit without his tooth coming out. He testified he contacted Hardy about N.D.'s allegations Hardy and her boyfriend stole something from N.D. and Appellant. When N.D. became upset with him for contacting Hardy, he went to the neighbor's apartment to stop the argument. Eventually he went back to the apartment to get cigarette money from N.D. N.D. met him in the hallway, where she called him a liar and a cheat, punched him in the throat, and grabbed his genitals and squeezed.

**{¶8}** Appellant was convicted as charged and sentenced to thirty-six months incarceration. From the March 9, 2017 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED BY ADMITTING STATE'S EXHIBITS ONE THROUGH FIVE SINCE THE PHOTOGRAPHS DID NOT ACCURATELY DEPICT THE CONTENTS IN VIOLATION OF APPELLANT'S RIGHT TO A FAIR AND IMPARTIAL TRIAL.

II. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT FAILED TO GIVE A JURY INSTRUCTION AS TO THE LESSER-INCLUDED OFFENSE OF

DISORDERLY CONDUCT OR A JURY INSTRUCTION OF SELF-DEFENSE WHEN THE EVIDENCE AT TRIAL WARRANTED BOTH.

III. THE APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS.

IV. THE GUILTY VERDICT FOR DOMESTIC VIOLENCE AGAINST APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.

V. THE TRIAL COURT PLAINLY ERRED IN IMPOSING THE MAXIMUM SENTENCE FOR APPELLANT'S CONVICTION RENDERING THE SENTENCE CONTRARY TO LAW.

VI. THE TRIAL COURT PLAINLY ERRED IN ASSESSING COURT COSTS AGAINST APPELLANT WITHOUT INQUIRING ABOUT APPELLANT'S PRESENT OR FUTURE ABILITY TO MAKE THE PAYMENTS AND SINCE THE IMPOSITION OF COURT COSTS MAY NOT BE IMPOSED UPON DEFENDANTS AS CRIMINALLY ENFORCEABLE SANCTIONS BUT MUST BE PURSUED IN CIVIL COLLECTION PROCEEDINGS.

I.

**{¶9}** Appellant argues the court erred in admitting the photographs of N.D. taken at the scene by Deputy Brandon Hamilton because the testimony established they did not accurately depict N.D.'s injuries.

{¶10} Evid. R. 901(A) provides, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Accordingly, a photograph is admissible in evidence if it is shown to be an accurate representation of what or whom it purports to represent. *State v. Hannah*, 54 Ohio St.2d 84, 88, 374 N.E.2d 1359, 1362–63 (1978). "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Evid. R. 1003.

{¶11} The photographs admitted into evidence were copies of the original photographs taken by Deputy Hamilton. Dep. Hamilton initially testified the photographs were a fair and accurate depiction of N.D. on the night in question. Tr. 193. However, he later noted the photographs did not show the tea he observed on her shirt, and did not depict the scratch. Tr. 194,195.

{¶12} On cross-examination, the deputy testified the copies were not as clear as the photographs he took because they were missing the stains on her shirt and the scratch on her stomach, and the bruise on her arm appeared darker in real life than on the copy of the photograph. Tr. 204, 207. He testified the pictures were accurate, but the quality was not good. Tr. 205. However, on further questioning, he testified the photos were not an accurate depiction of what she looked like on the night in question. Tr. 206. Finally, on redirect examination, he testified the photographs were not as clear as what they should be. Tr. 219.

{¶13} Appellant objected to admission of the photographs on the basis they were not accurate. The court admitted the photographs, stating, "The accuracy will have to be argued." Tr. 237.

{¶14} Unless the defendant has been materially prejudiced by the improper admission of evidence, an appellate court should not disturb the decision of the trial court. *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240 (2002). Assuming arguendo admission of the photographs was error, Appellant has not demonstrated prejudice from their admission. The deputy testified the photographs did not accurately depict the extent of her bruising, nor the existence of tea on her shirt and a scratch on her stomach. Admission of photographs depicting less serious and fewer injuries than those testified to by N.D. was not prejudicial to Appellant's case, and Appellant has not demonstrated prejudicial error.

{¶15} The first assignment of error is overruled.

II.

{¶16} In his second assignment of error, Appellant argues the trial court committed plain error in failing to instruct the jury on the lesser-included offense of disorderly conduct and the defense of self-defense.

{¶17} Appellant concedes he did not request an instruction on the lesser-included offense of disorderly conduct or on self-defense. Failure to object before the jury retires, absent plain error, constitutes waiver. *State v. Williford*, 49 Ohio St.3d 247, 551 N.E.2d 1279 (1990). The Ohio Supreme Court has recently clarified the standard of review for plain error:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id.* We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable probability that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id.* at ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 759

N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804

(1978), paragraph three of the syllabus.

*State v. Thomas*, 2017-Ohio-8011, ¶¶ 32-34.

**{¶18}** A trial court is required to instruct on a lesser-included offense only where the evidence at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense. *State v. Deanda*, 136 Ohio St.3d 18, 2013–Ohio–1722.

**{¶19}** Appellant argues he was entitled to an instruction on the lesser-included offense of disorderly conduct as defined by R.C. 2917.11(A)(1), "No person shall recklessly cause inconvenience, annoyance, or alarm to another by…[e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]" He was convicted of domestic violence in violation of R.C. 2919.25(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

**{¶20}** Appellant argues it is uncontroverted N.D. punched him in the throat and grabbed his groin, which fits in the definition of fighting. However, he testified he did not engage in fighting, and simply withstood her attack. Therefore, the evidence does not reasonably support an acquittal of domestic violence and a conviction upon the lesser included offense of domestic violence. Appellant has not demonstrated plain error in the court's failure to sua sponte instruct the jury on disorderly conduct.

**{¶21}** Appellant also argues the court committed plain error in failing to instruct the jury on self-defense. In order to establish the affirmative defense of self-defense, the

Appellant generally has to show three elements: (1) the defendant was not at fault in creating the violent situation; (2) the defendant has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape was the use of force; and (3) the defendant did not violate any duty to retreat. *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979).

**{¶22}** In *State v. Perry,* 5th Dist. Richland No. 02-CA-77, 2003-Ohio-6097, the defendant argued the court erred in failing to instruct the jury on self-defense in his domestic violence prosecution. However, he testified at trial he never hit her. We accordingly found no error in refusing to give the self-defense instruction. *Id.* at ¶27. Likewise, we find no plain error here in the court's failure to instruct the jury on self-defense as Appellant testified he did not touch N.D.

**{¶23}** The second assignment of error is overruled.

III.

**{¶24}** In his third assignment of error, Appellant argues his trial counsel was ineffective.

**{¶25}** A properly licensed attorney is presumed competent. *State v. Hamblin,* 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined

the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶26}** Appellant first argues counsel was ineffective in failing to tell the jury during voir dire or opening statement they must acquit if the State failed to prove any element of the offense. The trial court instructed the jury, "The Defendant must be acquitted unless the State produces evidence which convinces you beyond a reasonable doubt of every essential element of the offense charged in the indictment." Tr. 347. A jury is presumed to follow the instructions given it by a trial judge. *E.g., State v. Garner*, 74 Ohio St.3d 49, 1995-Ohio-168, 656 N.E.2d 623. Therefore, Appellant has not demonstrated if counsel had raised this issue to the jury during voir dire or opening statement, the result of the proceeding would have been different.

**{¶27}** Appellant next argues counsel was ineffective in failing to follow up regarding witness Phil Smith's testimony he was confused as to how the victim would have a bruise so quickly after the incident. Appellant argues instead of giving up after the court sustained objections on the basis of foundation and speculation, counsel should have attempted to lay a proper foundation regarding Smith's knowledge of bruising. He argues the error became more prejudicial when counsel failed to object to testimony from Deputy Hamilton regarding his opinion the bruise appeared to be fresh. The record does not demonstrate had counsel questioned Smith further, she would have been able to lay a foundation for Smith to express an opinion the bruise did not appear fresh. Appellant has not demonstrated prejudice.

**{¶28}** Appellant argues counsel failed to file a motion for appointment of a medical expert to review the photographs. Appellant concedes we have no way of knowing if the

opinion of an appointed medical expert would be favorable to him or prejudicial to him, and therefore he has not demonstrated a reasonable probability of a change in the outcome had counsel sought appointment of an expert.

{¶29} Next Appellant argues counsel erred in continuing to cross-examine Deputy Hamilton regarding the accuracy of the photographs after eliciting testimony the pictures did not accurately depict the injuries. He specifically argues the following question was ineffective:

Q: Are you asking the jury to believe your testimony over what is depicted in those photographs in your hand?

A: I would just like to see better quality photographs, is all I'm saying.

Tr. 208.

{¶30} The question followed counsel's cross-examination of the officer concerning whether he could recall independently what N.D.'s bruises looked like when he had responded to about 150 calls after this incident. Appellant further argues counsel engaged in unnecessary cross-examination of Deputy Hamilton regarding his experience with bruising and his memory of the appearance of the scratch on her stomach. He argues this allowed the jury to hear cumulative evidence which bolstered the State's case.

{¶31} Trial counsel's decision to cross-examine a witness and the extent of such cross-examination are tactical matters. *State v. Diaz*, 9th Dist. Lorain No. 04CA008573, 2005-Ohio-3108, ¶ 26. As such, decisions regarding cross-examination cannot form the

basis for a claim of ineffective assistance of counsel. *Id.* Appellant has not demonstrated counsel was ineffective in the cross-examination of Deputy Hamilton.

**{¶32}** Appellant argues counsel was ineffective by stipulating to his two prior convictions rather than requiring the State to call witnesses from Logan County to authenticate the judgments. The decision to stipulate to prior convictions may be sound trial strategy, avoiding testimony which further emphasized Appellant's prior record. See *State v. Blackburn*, 11th Dist. Trumbull No. 2001-T-0052, 2003-Ohio-605, ¶ 39. Further, Appellant has not demonstrated had counsel not entered the stipulation, the State would have been unable to prove the prior convictions and the result of the proceeding would have been different.

**{¶33}** Appellant argues counsel was ineffective for calling Detective Steve Welker as a witness and questioning him regarding his failure to obtain an interpreter before talking to N.D., who is hearing impaired. It appears counsel called Welker to attempt to demonstrate the police investigation and reports of the incident were incomplete. We have reviewed the testimony of Detective Welker and the entire transcript, and although Welker's testimony was not particularly helpful to Appellant's case, Appellant has not demonstrated in the absence of Welker's testimony, the result of the proceeding would have been different.

**{¶34}** Appellant argues during the cross-examination of Detective Welker, counsel failed to object to speculative testimony. He argues without objection, Welker testified N.D. knew someone in another apartment heard Appellant yelling at her, but because the physical contact would not have been audible in another apartment, this witness would not have added anything the police did not already know. Tr. 252-253.

Competent counsel may reasonably hesitate to object to potential errors in the jury's presence because objections may be considered bothersome by the jury and may tend to interrupt the flow of a trial. *State v. Howell*, 5th Dist. Delaware No. 15 CAA 12 0098, 2016-Ohio-7749, ¶ 39, appeal not allowed, 150 Ohio St.3d 1409, 2017-Ohio-6964, 78 N.E.3d 909. Thus counsel's failure to object may have been sound trial strategy. Further, Appellant has not demonstrated in the absence of this testimony concerning an unknown possible witness, the result of the trial would have been different.

**{¶35}** Appellant argues counsel was ineffective in putting him on the witness stand. He argues his testimony allowed the prosecutor to cross-examine him concerning his prior convictions, as well as allegations in a pending case against Appellant involving N.D., and a prior case in which he was charged but not convicted.

**{¶36}** The advice provided by counsel to his or her client regarding the decision to testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *State v. Winchester*, 8th Dist. Cuyahoga No. 79739, 2002-Ohio-2130, ¶ 12, *citing Hutchins v. Garrison*, 724 F.2d 1425, 1436 (C.A.4, 1983), cert. denied, 464 U.S. 1065, 104 S.Ct. 750, 79 L.Ed.2d 207 (1984). See, also, *Jones v. Murray* (C.A.4, 1991), 947 F.2d 1106, 1116, fn. 6. Nonetheless, a claim for ineffective assistance of counsel may be successful if the record demonstrates the defendant's decision whether or not to testify was the result of coercion. *Id., citing Lema v. United States*, 987 F.2d 48, 52-53 (C.A.1, 1993). Nothing in the record suggests Appellant's decision to testify was the result of coercion. A defendant in a criminal case has the due process right to take the witness stand and to testify in his or her own defense. *Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The record does not

demonstrate Appellant did not choose to testify of his own free will, and he therefore cannot challenge his decision to testify as ineffective assistance of counsel.

**{¶37}** Finally, Appellant argues counsel was ineffective for failing to request jury instructions for the lesser-included offense of disorderly conduct or self-defense. As discussed in Appellant's second assignment of error earlier in this opinion, the evidence in the case did not support either instruction. Appellant has not demonstrated had counsel requested either instruction, the result of the proceeding would have been different.

**{¶38}** The third assignment of error is overruled.

IV.

**{¶39}** In his fourth assignment of error, Appellant argues the conviction is against the manifest weight of the evidence.

**{¶40}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶41}** Appellant was convicted of domestic violence in violation of R.C. 2929.25(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶42} Appellant argues the photographs were not good quality, and questions were raised concerning the freshness of the bruise on N.D.'s arm. He notes N.D. had prior convictions for domestic violence and falsification, and admitted to punching Appellant in the throat and grabbing his genitals. He takes issue with the lack of a deaf interpreter when police arrived on the scene and spoke to N.D., and with the failure of the police to also charge N.D. with domestic violence. He argues Hardy's testimony is not credible because she did not see N.D. punch or grab him, and the number of times he spit on N.D. was unclear from the testimony.

{¶43} N.D. and Hardy both testified Appellant spit on N.D., grabbed her arm, pushed her, and threw tea on her. N.D. testified the bruise on her arm was caused by Appellant. Hardy testified she saw Appellant grab N.D.'s arm in the same location as the bruise. Deputy Hamilton testified that in his recollection, the bruise was darker than it appeared in the photograph, and it appeared to be fresh. While Phil Smith testified he did not see the physical altercation between Appellant and N.D., Hardy testified he was not there when Appellant put his hands on N.D. Based on the testimony presented at trial, we do not find the jury lost its way in convicting Appellant of domestic violence, and the judgment is not against the manifest weight of the evidence.

{¶44} The fourth assignment of error is overruled.

V.

{¶45} In his fifth assignment of error, Appellant argues the court erred in sentencing him to the maximum sentence of thirty-six months.

**{¶46}** R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. When hearing an appeal of a trial court's felony sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

**{¶47}** Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). "An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8, *citing State v. Moore*, 12th Dist. Clermont No. CA2014–02–016, 2014–Ohio–5191, ¶ 6.

**{¶48}** Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the

offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

**{¶49}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶50}** Among the various factors that the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

**{¶51}** R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

**{¶52}** Appellant argues the victim induced or facilitated the offense, he acted under strong provocation from the victim and Miranda Hardy, he did not expect to cause physical harm to N.D. by grabbing her arm, and there were substantial grounds to mitigate his conduct, including the court's failure to instruct the jury on the lesser-included offense of disorderly conduct.

**{¶53}** The judgment entry of sentencing recites the trial judge considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court further noted in the judgment Appellant was on community control at the time of the offense, he has three prior felony convictions, there were minor children present at the time of the commission of the offense, and Appellant was charged with two new felony offenses while on bond in the instant case.

**{¶54}** At the sentencing hearing, the trial court noted on the record:

First, you were on community control out of Logan County at the time this occurred, for criminal nonsupport. And at that point in time, for a period of time from 3-3-15 through sometime in 2016, they didn't know your whereabouts. They suspended your community control. They scheduled four hearings between August – between January of '16 and August of '16, which were never – were always continued. They did, on August the 24th of '16, indicate that your community control was continued. Therefore, you were not being very cooperative on community control.

You have three prior felonies; convictions. These include intimidation of a witness, as well as a felony domestic violence, as well as trafficking in marijuana.

You had attended the CBCF at one point in time. Though, you do not mention that at the presentence investigation in this case.

Court also finds that at the time you were out on bond you resulted in new charges being filed against you and the revocation of your bond for aggravated burglary and domestic violence involving the same victim.

Therefore, the Court finds that due to the relationship and the fact there were children present, your prior history, and your propensity to commit crimes, that the maximum sentence would be appropriate in this case.

Sent. Tr. 9-10.

**{¶55}** Based on the findings of the court, we find no error in imposition of the maximum sentence in this case.  The fifth assignment of error is overruled.

VI.

**{¶56}** Appellant argues the court erred in ordering him to pay court costs.

**{¶57}** Appellant first argues the court erred in failing to inquire about his current and future ability to pay costs, as he was represented by court-appointed counsel and therefore clearly indigent.  The record demonstrates Appellant filed an affidavit of indigency and counsel was appointed on December 2, 2016.  However, retained counsel entered an appearance on January 19, 2017.

**{¶58}** Appellant relies on this Court's opinion in *State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 58, appeal not allowed, 149 Ohio St.3d 1420, 2017-Ohio-4038, 75 N.E.3d 237, reconsideration denied, 150 Ohio St.3d 1412, 2017-Ohio-6964, 78 N.E.3d 911, in which we held as follows:

In *State v. Joseph*, 125 Ohio St.3d 76, 2010–Ohio–954, 926 N.E.2d 278, the Supreme Court held that it is reversible error under Crim.R. 43(A) for a trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *Id.* at ¶ 22. The Court reasoned that the defendant was denied the opportunity to claim indigence and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id.* The same is true in the instant case. Here, appellant was not given an opportunity at the sentencing hearing to seek a waiver of the payment of costs because the trial court did not mention costs at the sentencing hearing. *Joseph*, 2010–Ohio–954 at ¶ 13. We thus vacate the order to pay costs and remand the matter to the trial court to permit appellant to argue for waiver of court costs.

**{¶59}** Likewise, in *State v. Pennington,* 5th Dist. Guernsey No. 16CA14, 2017-Ohio-1423, we found the trial court erred in failing to mention court costs in open court, thus denying the defendant and opportunity to seek a waiver of court costs. *Id.* at ¶¶26-27.

**{¶60}** In the instant case, the trial court informed Appellant in open court at the sentencing hearing, "You will also be ordered to pay the court costs in this matter." Sent. Tr. 10. Therefore, the instant case is distinguishable from *Walker* and *Pennington* as

Appellant was informed he would be ordered to pay costs, and was given an opportunity to seek a waiver of payment of costs based on indigency.

{¶61} Appellant further argues the imposition of court costs was error because they must be pursued in civil collection proceedings, citing *State v. Eubanks,* 2nd Dist. Champaign No. 2015-CA-39, 2017-Ohio-2681, and *State v. Ragland,* 2nd Dist. Champaign No. 2015-CA-36, 2017-Ohio-2783. The cited cases from the Second District found error in the inclusion of costs and court-appointed counsel fees in a post-confinement repayment plan, but did not prohibit the inclusion of court costs in the sentencing entry. In fact, *Ragland* recognized court costs would be included in the sentencing entry as a part of the sentence:

> We review a trial court's imposition of a repayment schedule for court costs under an abuse of discretion standard. See *State v. Gullett*, 4th Dist. Gallia No. 09CA4, 2010–Ohio–2785, ¶ 10. Pursuant to R.C. 2947.23, the trial court was required to "include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." However, court costs are distinct from criminal punishment. This is because "although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Threatt*, 108 Ohio St.3d 277, 2006–Ohio– 905, 843 N.E.2d 164, ¶ 15. An order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor. *State v. Lamb*, 163 Ohio App.3d

290, 2005–Ohio–4741, 837 N.E.2d 833, ¶ 13 (2d Dist.). As such, the

creditor, i.e., the court, can collect only the money it is due by the methods

provided for the collection of civil judgments. *Id.*

*Ragland, supra,* ¶ 13.


**{¶62}** In the instant case, the court costs were not included in a post confinement

repayment schedule and the concerns addressed by the Second District in the cited

cases are not applicable.

**{¶63}** The sixth assignment of error is overruled.

**{¶64}** The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.

Wise, John, P.J. and

Baldwin, J. concur